**Roland Stephen NEWARK, on behalf of himself and all others similarly situated, Plaintiffs,**

**v.**

**BOSTON HOUSING AUTHORITY, Defendants.**

**No. 01–CV–10976–MEL.**

United States District Court, D. Massachusetts.

Dec. 20, 2001.

John A. Hanrahan, Boston, MA, for Plaintiffs.

John Foskett, Deutsch, Williams, Brooks, DeRensis, Holland & Drachman, Edward R. Harriman, Jr., Boston, Housing Authority, Assistant General Counsel, Boston, MA, for Defendants.

## MEMORANDUM AND ORDER

LASKER, District Judge.

Roland Stephan Newark sues the Boston Housing Authority (BHA) on behalf of himself and all others similarly situated, alleging "deprivation of a property interest in his continued public employment without due process of law and violation of his constitutionally protected right to equal protection of the law," pursuant to 42 U.S.C. § 1983. Newark also alleges that BHA breached its contract with him. He requests a declaratory judgment that "(1) the creation of a class of employees known as Special Service Contractors who were denied the benefits provided other BHA employees with more than one year of service, exceeded the authority of BHA; (2) after more than one year of BHA service, plaintiff and all other similarly situated BHA Special Service employees could not be terminated from their position with BHA unless and until being afforded all of the procedural and substantive rights embodied in BHA's Agreement with Local 285."

BHA moves to dismiss Counts I (declaratory judgment), II and part of IV (alleging deprivation of due process) pursuant to Fed.R.Civ.P. 12(b)(6). The motion is granted.

### I.

BHA hired Newark as a "Project Architect" in 1997. Between 1997 and June 2000, Newark entered into three written contracts to provide architectural services for BHA. At all times, Newark's services for BHA were performed as a "Special Service Contractor." In June 2000, BHA declined further renewal of Newark's contract. Newark argues that the termination constituted a breach of the provisions of a collective bargaining agreement applicable to BHA employees with more

than one year of service. BHA and Local 285 of the Service Employees International Union (Local 285) had entered into a Collective Bargaining Agreement for the period April 1, 1998, through March 31, 2001. Newark is a member of Local 285. Under the terms of this agreement, after a one year probationary period, a BHA employee cannot be discharged without following specified mandatory grievance and arbitration procedures which were not observed in Newark's case. Although the Local 285 agreement specifically excludes from these safeguards BHA employees, like Newark, who are employed pursuant to "Special Service Contracts," Newark nonetheless contends that because he worked for BHA for more than one year the termination breached the Local 285 agreement.

## II.

■ Newark prays for a declaratory judgment that "(1) the creation of a class of employees known as Special Service Contractors who were denied the benefits provided other BHA employees with more than one year of service, exceeded the authority of BHA; (2) after more than one year of BHA service, Newark and all other similarly situated BHA Special Service Employees could not be terminated from their position with BHA unless and until being afforded all of the procedural and substantive rights embodied in BHA's Agreement with Local 285."

No such judgment can be granted because the BHA enjoys broad powers to achieve its mission. The enabling statute, M.G.L. ch. 121B, § 11(1) endows BHA with powers, "to enter into, execute and carry out contracts and all other instruments necessary or convenient to the exercise of the powers granted in this chapter." The plain language of the statute confirms that BHA possesses discretionary power

to contract and employ workers as necessary. In addition, the statute establishes procedural safeguards which must be provided to those employees of BHA who have worked for five years of uninterrupted service. M.G.L. ch. 121B, § 29, which provides:

No employee of any housing authority except an employee occupying the position of executive director, who has held his office or position, including any promotion or reallocation therefrom within the authority *for a total of five years of uninterrupted service shall be involuntarily separated* . . . .

(emphasis added). When enacting the enabling law, the drafters contemplated what protections Massachusetts should provide BHA employees, and the legislators obviously decided to protect only those employees who worked for the agency for five consecutive years. *See* M.G.L. ch. 121B, § 29.

Furthermore, M.G.L. ch. 121B, § 7, provides that, "any person who performs services for an authority on a part-time, intermittent or consultant basis, such as those of architect, . . . shall be considered a special municipal employee."

Finally, M.G.L. ch. 268A mandates that employees of an authority, such as BHA, on a "part-time, intermittent, or consultant basis, such as an architect . . . shall be considered a special municipal employee." This detailed and specific language establishes that the legislature recognized that a housing authority such as BHA would probably not require the services of an architect full-time and accordingly should be given the flexible authority to retain architects on a part time or occasional basis. Newark's contention that BHA lacks the power to terminate any person other than under a "just cause" standard, unless the employee worked for at least five consecutive years is simply wrong.

### III.

■ Newark also alleges two violations of the due process clause of the Fourteenth Amendment: Count II, the deprivation of Newark's "property interest" in his position as a BHA architect, and part of Count IV, that BHA deprived Newark of his right to procedural and substantive due process under the Fourteenth Amendment by not retaining his services. In answer to BHA's response that he had no constitutionally cognizable property interest in his continued employment with BHA, Newark relies on the Supreme Court's holding in *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972) (holding that in some instances a plaintiff's right to his job may be constitutionally protected).

Newark concedes that the collective bargaining agreement between his union and the BHA providing BHA employees with procedural safeguards, expressly excluded Special Service Contractors such as Newark from these protections. The concession is fatal to his claim of constitutional violation, for the language of the contract is very clear:

Notwithstanding any provision of this Agreement, the non-renewal or termination by the Authority of Special Service Contracts shall not be considered discharge or suspension and shall not be subject to the grievance or arbitration procedures of this Agreement.

(Agreement between the Boston Housing Authority and Local 285 covering April 1, 1998 through March 31, 2001, Article 9, p. 12.)

Moreover, Newark never contracted for, nor was promised to his detrimental reliance, employment protections which he now claims. That is, Newark always provided architectural services for BHA, as a Special Service Contractor, and accordingly, as an at-will employee, he possessed no property interest of constitutional magnitude in his job.

Newark conflates the circumstances of his case with those of a BRA employee who successfully sued the BRA for terminating his employment after twenty-six years of service. *Lewis v. Boston Redevelopment Authority*, 1996 WL 208473 (D.Mass.1996). In *Lewis*, the district court found that Lewis qualified as a permanent employee pursuant to the statute, M.G.L. ch. 121B, § 52, based on the following facts: (1) the BRA had employed Lewis, without interruption, for twenty-six years; (2) the BRA had most recently contracted with Lewis in December 1969; and, (3) the 1969 employment contract was for an unlimited duration. *Lewis* 1996 WL 208473 at *3.

*Lewis* is easily distinguishable from this case. First, in *Lewis*, the district court did not hold that the BRA illegally created a class of temporary employees; rather, the holding focused on whether Lewis qualified as a permanent employee and was therefore endowed with property rights in his employment. Second, unlike Lewis who had worked for the BRA for twenty-six years, Newark has worked as an architect for BHA for less than three years, under three separate contracts, each for one year duration and with clear end-dates. The statute enabling BRA and BHA (M.G.L. ch. 121B) explicitly restricts procedural protections to those employees who have worked for five consecutive years. Third, Newark does not contend he was ever under the impression he was a permanent employee for BHA. Instead, Newark concedes that his status as a Special Service Contractor is specifically excluded from the bargained for agreement between the Local 285 and BHA. He asks Court to change the terms of the agreement, but such relief is nei-

ther authorized nor appropriate under the circumstances.

## IV.

The Motion to Dismiss Counts I, II, and Part of Count IV asserting due process violations is granted.

It is so ordered.